**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL JAMAL WILLIAMS,**

      **Plaintiff,**

  -v-                12-CV-1147S(Sr)

**CORRECTIONAL OFFICER CONWAY;
CORRECTIONAL OFFICER GROVER,**

      **Defendants.**

---

## DECISION AND ORDER

  Plaintiff, an inmate at the Attica Correctional Facility, has been granted permission to proceed *in forma pauperis* herein and the Court previously directed service of the summons and complaint on defendants, Correctional Officers Conway and Grover. (Docket No. 4.) Service was effected on Grover and he has answered the complaint. The New York State Department of Corrections and Community Supervision ("DOCCS") advised the United States Marshals Service that there is no correctional officer by the name of Conway employed at the Collins Correctional Facility, the Facility at which the events alleged in the complaint occurred, nor has there even been an employee at Collins by that name. (Docket No. 5, Returned Acknowledgment of Service-Letter from Collins's Inmate Record Coordinator.)

  Plaintiff has moved for an order directing the New York State Attorney General's Office to accept service of the summons and complaint on an "unknown

defendant," or that he be provided the opportunity to name the unknown defendant as "John Doe" until he can obtain discovery regarding the identity of the unknown defendant. (Docket No. 11.)

Plaintiff's motion for an order directing the New York State Attorney General's Office to accept service of the summons and complaint upon an unknown defendant is denied but plaintiff is granted leave to amend the caption of the complaint to name the unknown defendant as "John Doe, Correctional Officer." Plaintiff is also granted permission to seek, through discovery, the name of the John Doe Correctional Officer allegedly also involved in the events alleged in the complaint; plaintiff then may request leave of the Court to add the John Doe Correctional Officer as a defendant herein and request service on him by the Marshals Service. Because there is no Correctional Officer by the name of Conway at Collins, the Clerk of the Court is directed to terminate Conway as a party to this action and to include "John Doe, Correctional Officer" as a party to this action.

Plaintiff also moves for leave to amend the complaint to add a "due process issue regarding an involuntary admission" to a mental health observation unit directed by the New York State Office of Mental Health and Central New York Psychiatric Center. (Docket No. 12.) Plaintiff includes an affirmation in support of this motion but does not, as required by Loc.R.Civ.P. 15, include a copy of the proposed amended complaint. To the extent that the instant motion is seeking this Court's permission for plaintiff to file a proper motion to amend the complaint consistent with the requirements set forth in Loc.R.Civ.P.

15, plaintiff's request to file a proper motion to amend is granted. Local Rule 15 requires a movant seeking to amend a pleading to attach a copy of the proposed amended pleading as an exhibit to the motion. Plaintiff is advised that a proposed amended pleading must be a complete pleading superseding the original pleading in all respects and that no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. Therefore, plaintiff's proposed amended complaint must include all of the allegations against Correctional Officer Grover and John Doe as set forth in the complaint and the allegations he seeks to raise relating to what is set forth in in his affirmation in support of the motion for leave to amend, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 5, 2013

  *H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge