UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL JAMAL WILLIAMS,

                Plaintiff,

v.

                                                      12-CV-1147(Sr)

C,O. VANWAY and
c.o. KEVIN GROVER,

                Defendants

## DECISION AND ORDER

        Plaintiff commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), at the Collins Correctional Facility, Corrections Officer (C.O."), Vanway insulted him and tampered with his Suhoor food bag between July 23 and July 27, 2012 and that on August 12, 2012, C.O. Grover demanded a urine sample while he was fasting for Ramadan and issued a misbehavior report when plaintiff was unable to comply, resulting in three months in the Special Housing Unit ("SHU"). Dkt. #1.

        Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #49. In support of his motion, plaintiff argues that he is disadvantaged by his lack of legal knowledge and is unable to receive adequate legal assistance because he is in SHU at the Southport Correctional Facility. Dkt. #49.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a

-2-

claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court and to pursue discovery related to his claims. Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 15, 2015

                                         *s/ H, Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**