UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MICHAEL JAMAL WILLIAMS,**

                                **Plaintiff,**

v.                                                                                            12-CV-1147(Sr)

**C.O. VANWAY and**
**C.O. GROVER,**

                                **Defendants.**

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, alleging that while he was in the custody of the New York State Department of Corrections and Community Supervision, Collins Correctional Facility in 2012, Correction Officer ("C.O.") Vanway insulted him and tampered with his Suhoor food bag; and C.O. Grover demanded a urine sample while plaintiff was fasting for Ramadan and when he was unable to comply, issued a misbehavior report which resulted in him being confined for three months in the Special Housing Unit. Dkt. #1, 47. Plaintiff seeks relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel and for an extension of time to respond to defendants' motion for summary judgment. Dkt. #66. In requesting counsel, plaintiff argues that he has been having

"complications" with "obtaining case law, copies of documents, and understanding the law," and is unsure how to respond to defendants' motion for summary judgment. Dkt. #66.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono*

resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute. *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

During the course of this case, plaintiff has demonstrated his ability to communicate the facts of his claims, to identify the appropriate parties, and to obtain relevant discovery. Further demonstrating his competency, plaintiff successfully opposed C.O. Grover's initial motion for summary judgment (Dkt. #25) by filing a declaration (Dkt. #39) and a statement of facts (Dkt. #39). By Decision and Order entered on April 8, 2015 (Dkt. #42), this Court denied C.O. Grover's summary judgment motion.

There is no reason to anticipate that plaintiff cannot submit an equally serviceable response to the current motion for summary judgment. Because plaintiff's claims involve one-on-one interactions between himself and each defendant, he himself is the primary fact witness. In this regard, plaintiff is in a position to offer evidence in the form of a declaration to oppose defendants' motion just as he did in response to

C.O. Grover's initial motion. According to defendants, plaintiff has been provided with all the relevant documentary evidence relating to his claims. Given plaintiff's *pro se* status, this Court will give him extra latitude, as it must, in resolving the current motion for summary judgment. *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997).

Based on the foregoing, plaintiff has not established that the appointment of counsel is warranted at this juncture. As such, his motion is denied. Plaintiff must retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

Plaintiff's request for an extension of time to respond to defendants' motion for summary judgment is GRANTED. His response is now due June 15, 2016. Replies, if any, are due July 8, 2016.

**SO ORDERED.**

DATED:   Buffalo, New York
         April 15, 2016

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**